UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:09-cr-00161-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | ORDER |
| ) | |
| vs. ) | |
| ) | |
| WILLARD EDWARD WILSON, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| UBC PENSION FUND, Garnishee. ) | |

THIS MATTER is before the Court on Garnishee United Brotherhood of Carpenters Pension Fund's (the "Fund's") objection to a writ of garnishment.

On April 21, 2011, a criminal judgment was entered against Defendant Willard Edward Wilson for conspiring to defraud the United States by facilitating a mortgage fraud scheme. (Doc. No. 15). Defendant Wilson was sentenced to thirty (30) months imprisonment, two years supervision, and a $300 special assessment. Id. The Court reserved final determination as to the amount of restitution. Id. On May 13, 2011, the Court entered an Order Modifying Restitution, which included restitution in the amount of $850,374.71. (Doc. No. 18). Thereafter, on December 21, 2012, the Court entered an amended criminal judgment, which ordered restitution in the amount of $850,374.71. (Doc. No. 20).

1

On December 13, 2013, the government obtained a Writ of Continuing Garnishment against Defendant Wilson's interest in the Fund. On February 4, 2014, the Fund served its answer, claiming that Defendant Wilson's pension benefits are exempt from garnishment under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1056(d)(1) (2012), and binding Treasury Department Regulations, 26 C.F.R. § 1.401(a)-(13)(b)(1).

I.  ANALYSIS

The issue before the Court is whether the Government may garnish Defendant Wilson's interest in the Fund pursuant to the Federal Debt Collections Procedures Act ("FDCPA"), 18 U.S.C. § 3613, notwithstanding ERISA's anti-alienation provision, 29 U.S.C. § 1056(d)(1) and the anti-alienation provision in the Internal Revenue Code, 26 U.S.C. § 401(a)(13).

Section 206(d) of ERISA, the anti-alienation provision, provides that "each pension plan shall provide that benefits under the plan may not be assigned or alienated." 29 U.S.C. § 1056(d)(1). The Government contends that the Mandatory Victim Restitution Act of 1996 ("MVRA") provides a Congressional exception to ERISA's anti-alienation provision with regard to the enforcement of restitution against a criminal defendant. (Doc. No. 30, p. 3). Section 3613 of the MVRA provides:

> The United States may enforce a judgment imposing a fine [or an order of restitution][1] in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. *Notwithstanding any other Federal law* (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to the property of the person fined, except that - -
>
> (1) property exempt from levy for taxes pursuant to sections 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the

---

[1] Section 3613(f) of Title 18 makes all provisions of this section, including § 3613(a), "available to the United States for the enforcement of an order of restitution." 18 U.S.C. § 3613(f).

>>Internal Revenue Code of 1986 shall be exempt from the enforcement of the judgment under Federal law;

>>(2) section 3014 of chapter 126 of title 28 shall not apply to enforcement under Federal law; and

>>(3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

18 U.S.C. § 3613(a) (emphasis added). The plain language of this Statute makes it clear that the only exemptions for the criminal debtor owing restitution are set out in the referenced provisions of 26 U.S.C. § 6334(a) of the Internal Revenue Code. See United States v. James, 312 F. Supp. 2d 802, 805 (E.D. Va. 2004) ("The language of § 3613(a) thus makes clear that the government may enforce a criminal fine or restitution order against all of a defendant's property 'except that property which would be exempt from a levy for the payment of federal income taxes.'") (quoting United States v. Rice, 196 F. Supp. 2d 1196, 1199 (N.D. Okla. 2002)). The Court agrees with the Government's claim that because Defendant Wilson's interest in the Fund, an ERISA qualified plan, does not fit within any of the exceptions listed in § 3613(a), ERISA is not a bar to garnishment.

Additionally, the Court agrees with the James Court's analysis with regard to the Internal Revenue Code's alienation provision. Section 401(a)(13) of the Internal Revenue Code provides, in pertinent part, that "[a] trust shall not constitute a qualified trust under this section unless the plan of which such trust is a part provides that benefits provided under the plan may not be assigned or alienated." 26 U.S.C. § 401(a)(13). However, as the Government notes, Congress has mandated that for purposes of enforcement, a restitution order is to be treated as "a lien in favor of the United

States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." 18 U.S.C. § 3613(c). The court in James found:

> This is significant because the Internal Revenue Service's regulations indicate that delinquent taxes may be collected via a levy against an ERISA plan. See C.F.R. § 1.401(a)-(13)(b)(2). Because § 3613 makes clear that restitution orders in favor of the United States are to be treated like tax liabilities, it appears that, like delinquent taxpayers, criminal defendants owing restitution to the government cannot protect their pension benefits from being used to satisfy their monetary obligation to the government.

312 F. Supp. 2d at 805-06 (citing Rice, 196 F. Supp. 2d at 1201). Moreover, in Rice, another federal district court found that

> Section 3613 and its legislative history make it clear that criminal fines are to be treated as if there were a liability for federal income taxes. Thus, if delinquent taxpayers cannot protect their pension benefits, criminals owing a fine may not do so either. A contrary result would seem anomalous, and that fact probably accounts for the legislature's decision to equate criminal fines with tax deficiencies.

196 F. Supp. 2d at 1201. The Court finds this reasoning persuasive. Accordingly, the Court finds that neither ERISA's anti-alienation provision, 29 U.S.C. § 1056(d)(1), nor the anti-alienation provision in the Internal Revenue Code, 26 U.S.C. § 401(a)(13), provides a bar to the garnishment of Defendant Wilson's interest in the Fund, a qualified pension plan.

Finally, the Court notes that the Fund cites to two cases, Mackey v. Lanier Collection Agency & Service, Inc., 486 U.S. 825, 837 (1988), and White v. Mitchell (In re Hardee), 1998 U.S. App. LEXIS 26859, at *4 n.1 (4th Cir. 1998), to support its argument that ERISA's anti-alienation provision bars garnishment of ERISA plan benefits. However, the Court notes that these two cases are factually inapposite. In Mackey, a collection agency, not the government, obtained

4

money judgments against numerous participants of an ERISA plan and sought to garnish the debtors' plan benefits. Moreover, with respect to the Fund's citation to White, the Fund extracted the language quoted in its Answer from a footnote in White; however, White concerned the issue of whether qualified pension benefits may be excluded from a bankruptcy estate. As both of these cases are at odds with the facts and law at issue in the present case, the Court finds that they do not stand in the way of its conclusion that neither ERISA's anti-alienation provision, nor the anti-alienation provision in the Internal Revenue Code, provides a bar to the garnishment of Defendant Wilson's interest in the Fund.

II. CONCLUSION

For the foregoing reasons, this Court holds that 18 U.S.C. § 3613 is an express statutory exception to the anti-alienation provision of ERISA found at 29 U.S.C. § 1056(d)(1) as well as the corresponding provision in the Internal Revenue Code found at 26 U.S.C. § 401(13)(A). Therefore, in order to enforce the criminal restitution order in Defendant Wilson's case, the government is entitled to a writ of garnishment against Defendant Wilson's interest in the Fund.

IT IS SO ORDERED.

Signed: June 10, 2015

Frank D. Whitney
Chief United States District Judge